UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
JACKSON DIVISION

CASE NO.:

JEROME DAVIS,

    Plaintiff,                                                **JURY DEMAND**

v.

DANFOSS POWER
SOLUTIONS II, LLC,
a Foreign Limited Liability Company,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JEROME DAVIS ("Mr. Davis" or "Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, DANFOSS POWER SOLUTIONS II, LLC ("DPSII" or "Defendant"), a foreign limited liability company, and alleges as follows:

1. Plaintiff brings this action for interference and retaliation in violation of the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("the FMLA"), and for discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, injunctive relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

**PARTIES, JURISDICTION, AND VENUE**

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq.*

3.	This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

4.	At all times relevant hereto, Plaintiff was an employee of Defendant.

5.	Defendant is a foreign limited liability company organized under the laws of the State of Delaware that maintains a location and does business in Dyer County, Tennessee, among other places, and is therefore within the jurisdiction of this Court.

6.	Plaintiff worked for Defendant in Dyer County, Tennessee, and therefore the proper venue for this case is the Jackson Division of the Western District of Tennessee.

7.	At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8.	At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he and his wife: (a) suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) he was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to his seeking to exercise his rights to FMLA leave.

9.	Plaintiff is a disabled male.  At all times material, Plaintiff was protected during his employment with Defendant by the ADA because:

    a.	Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

    b.	Plaintiff was discriminated against and suffered adverse employment action

and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

11. Defendant was at all times relevant an "employer" as envisioned by the ADA and the FMLA.

## CONDITIONS PRECEDENT

12. On or around September 15, 2022, Plaintiff timely dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Tennessee Human Rights Commission ("THRC") alleging disability discrimination against DPSII.

13. On or about August 29, 2023, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

14. Plaintiff timely files this action within the applicable period of limitations against Defendant.

15. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

16. Plaintiff worked for DPSII, most recently as a Production Operator, from January 5, 2017, until his termination on December 9, 2021.

17. Unfortunately, on September 9, 2021, while Mr. Davis was at work for DPSII, Mr. Davis's wife suffered a heart attack, her second.

18. Mr. Davis disclosed his wife's disability and serious health condition to his DPSII Supervisor, Eric Torrence, and to DPSII Human Resources Manager Jared Zook.

19. Mr. Zook advised Mr. Davis to apply for intermittent FMLA leave through DPSII's third-party benefits coordinator, Sedgwick, so that Mr. Davis could treat and address flareups of his wife's disability and serious health condition.

20. On November 15, 2021, Mr. Davis suffered a flareup of his own disability and serious health condition, specifically mental stress and anxiety.

21. Mr. Davis's doctor took Mr. Davis off work from November 15, 2021, through November 20, 2021; Mr. Davis provided a doctor's note to DPSII for this.

22. Upon Mr. Davis's return to work on November 21, 2021, DPSII Plant Supervisor Marcus called Mr. Davis into his office and "coached" Mr. Davis on his "attendance," notwithstanding the fact that Mr. Davis's absences had been via approved FMLA leave for his and his wife's serious health conditions.

23. Marcus went further, demanding that Mr. Davis promise to have perfect attendance over the next twenty (20) work days, notwithstanding Mr. Davis's disability and serious health condition, as well as his wife's.

24. Marcus's explicit complaints about alleged "absenteeism" constitute direct evidence of discrimination based on disability, and interference and retaliation in violation of the FMLA.

25. DPSII's actions and statements and demands for perfect attendance from an employee availing himself of what should have been job-protected FMLA leave constituted FMLA interference and discrimination based on disability.

26. On December 8, 2021, shortly after this episode with Marcus, Mr. Davis noticed that his DPSII login had been de-activated.

27. On the next day, December 9, 2021, DPSII Supervisor Ryan called Mr. Davis.

28. At that time, Ryan informed Mr. Davis that DPSII had terminated Mr. Davis's employment, effective immediately.

29. In so doing, Ryan claimed that DPSII had taken this extreme adverse employment action due to "excessive absenteeism," which operated as a candid and damning admission by DPSII that it had discriminated against Mr. Davis based on disability, and had retaliated against Mr. Davis because he and his wife suffered serious health conditions, and because Mr. Davis requested and required FMLA leave in order to treat and address flareups of the conditions.

30. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Mr. Davis notifying DPSII of his and his wife's serious health conditions, and in retaliation for Mr. Davis's utilization or attempted utilization of unpaid leave pursuant to the FMLA in order to address same.

31. Defendant did not have a legitimate, non-discriminatory and non-retaliatory reason for its actions.

32. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation and discrimination based on disability.

33. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

34. The timing of Plaintiff's use or attempted use of what should have been protected FMLA leave, his disclosure of his disability and his and his wife's serious health conditions, and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by DPSII.

35. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his disclosure of his and his wife's serious health conditions and for his utilization and/or attempted utilization of what should have been protected FMLA leave.

36. Plaintiff's termination was for pretextual, retaliatory, and discriminatory reasons.

37. Such a discriminatory and unlawful discharge is exactly the type of adverse employment action that the ADA and the FMLA were intended to prevent.

38. The timing of Plaintiff's termination makes the causal connection between his disclosure to DPSII of his and his wife's serious health conditions, his use or attempted use of FMLA leave, and his termination sufficiently clear.

39. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

40. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA.

41. DPSII was aware of Plaintiff's ADA-protected disability.

42. Mr. Davis is an individual with a disability who was nevertheless fully capable of performing the essential functions of his job.

43. DPSII, however, being well aware of Plaintiff's condition, discriminated against Plaintiff for taking time off work to seek treatment, and/or attempting to do so, for disclosing his disability, and for requiring or potentially requiring reasonable accommodation for the disability.

44. In reality, Defendant's discharge of Mr. Davis stemmed from its discriminatory animus toward his disclosure of his disability and his serious health condition.

45. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA.

46. In short, Defendant discriminated against Mr. Davis based solely upon his disability, and retaliated against him for his requests for reasonable accommodation for same.

47. At all times material hereto, Plaintiff was ready, willing, and able to perform his job duties, and otherwise qualified for his position.

48. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with or without reasonable accommodation.

49. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

50. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

51. Pleading in the alternative, Plaintiff had no impairment whatsoever, but was treated by Defendant as having a disability as recognized by the ADA.

52. Mr. Davis was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment. Therefore, he is a protected class member as envisioned by the ADA.

53. Mr. Davis suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability".

54. As a result of Defendant's unlawful and discriminatory termination of his employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

55. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

56. DPSII lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

57. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

58. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 8, 11, 14 through 39, and 55 through 57 of the Complaint, above, as if fully set forth in this Count.

59. At all times relevant hereto, Plaintiff was protected by the FMLA.

60. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

61. At all times relevant hereto, Defendant interfered with Plaintiff by berating him about "attendance," by seething and complaining loudly to Plaintiff about so-called "absenteeism," by demanding that he demonstrate perfect attendance during a period of what should have been job-protected FMLA leave, and by refusing to allow Plaintiff to exercise his FMLA rights freely.

62. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

63. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory

relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

64. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 8, 11, 14 through 39, and 55 through 57 of the Complaint, above, as if fully set forth in this Count.

65. At all times relevant hereto, Plaintiff was protected by the FMLA.

66. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

67. At all times relevant hereto, Defendant retaliated against Plaintiff by mistreating and berating him in response to his utilization or attempted utilization of what should have been job-protected FMLA leave, and by terminating his employment for disclosing to Defendant his and his wife's serious health conditions, and for utilizing or attempting to utilize what should have been job-protected FMLA leave.

68. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise his rights to take approved leave pursuant to the FMLA.

69. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

70. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory

relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### COUNT III
### DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

71. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 6, 9 through 16, 20 through 29, 31 through 32, 34, 36 through 37, 40 through 55, and 57 of the Complaint, above, as if fully set forth in this Count.

72. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

73. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

74. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

75. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

76. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

77. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

78. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 13th day of November, 2023.

                Respectfully Submitted,

                */s/ Noah E. Storch*
                Noah E. Storch, Esq.
                Florida Bar No. 0085476
                RICHARD CELLER LEGAL, P.A.
                10368 W. SR. 84, Suite 103
                Davie, Florida 33324
                Telephone: (866) 344-9243
                Facsimile: (954) 337-2771
                E-mail: **noah@floridaovertimelawyer.com**

                *Attorneys for Plaintiff*